IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03000-CMA-MJW

AMIR BLAND,

Plaintiff(s),

v.

OFF. MICHAEL ALLAN, Official & Individual,
CITY OF AURORA, and
OFF. EWERT, Official & Individual,

Defendant(s).

---

## MINUTE ORDER

---

**Entered by U. S. Magistrate Judge Michael J. Watanabe**

It is hereby ORDERED that plaintiff's Motion, Filing Out of Time (Docket No. 60) and Motion for Leave to File an Amended Complaint (Docket No. 63) are both denied for the reasons stated in the defendants' Response (Docket No. 68).

In both motions, plaintiff seeks to amend his complaint to add a fourth defendant, Sgt. Lonnie Eddie or Sgt. Eddy Lonnie. Pursuant to Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Bylin v. Billings, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993)), cert. denied, 130 S. Ct. 1506 (2010).

Here, defendants correctly assert that plaintiff's claims stem from his arrest on January 15, 2012. Plaintiff's two motions, in which he seeks to add Sgt. Eddy as a defendant, however, were filed well past the two-year statute of limitations. See § 13-80-102, C.R.S.; Workman v. Jordan, 32 F.3d 475, 482 (10th Cir. 1994); Merrigan v. Affiliated Bankshares of Colo., Inc., 775 F. Supp. 1408, 1411-12 (D. Colo. 1991). Thus, absent tolling of the statute of limitations, plaintiff's proposed amendments would be futile.

Under Colorado law, "an equitable tolling of a statute of limitations is limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to

2

bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." Dean Witter Reynolds, Inc. v. Hartman, 911 P.2d 1094, 1099 (Colo. 1996).  "The Colorado Supreme Court has yet to find a case that qualifies as an 'extraordinary circumstance' that would justify tolling."  Braxton v. Zavaras, 614 F.3d 1156, 1160 (10th Cir. 2010).  Here, in his Reply (Docket No. 69), plaintiff seems to argue that there should be equitable tolling.  The court finds, however, that the plaintiff has not shown that he was diligent in ascertaining the identify of the defendant he now seeks to add.   Plaintiff complains that voluminous records concerning the circumstances of his arrest were provided to him only one month before his criminal trial, and it was "completly [sic] overwhelming to cram all the information given in such little time." (Docket No. 69 at 2).  Furthermore, he claims that he was unable to keep his discovery within Arapahoe's detention facility.  He does, however, admit that he did observe police officers testifying at his criminal trial.  Moreover, he admits that he was able to obtain his arrest records and narrations of each officer.  This court finds that the plaintiff has not shown any extraordinary circumstances that prevented him from timely filing his claims against the new defendant despite diligent efforts.

Date: June 10, 2014