IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03000-CMA-MJW

AMIR BLAND,

Plaintiff(s),

v.

OFF. MICHAEL ALLAN, Official & Individual,
CITY OF AURORA, and
OFF. EWERT, Official & Individual,

Defendant(s).

---

**MINUTE ORDER**

---

**Entered by U. S. Magistrate Judge Michael J. Watanabe**

It is hereby **ORDERED** that plaintiff's motion for "Subpena" (Docket No. 70) is denied. Plaintiff is asking the court to direct a non-party (Limon Correctional Facility) to take a photograph of scarring on his lower back to use as evidence in his case and to charge the cost to his inmate account. It is not clear to the court whether plaintiff requests the photograph to accompany a motion and/or whether he seeks to obtain it for use at trial. In any event, the court has doubts as to whether such a photograph is essential for plaintiff to prosecute his claim. Plaintiff can describe his scars orally or in writing or show them at trial rather than relying on a photograph.

It is further **ORDERED** that plaintiff's Motion for Court Appointed Experts Under Rule 706 (Docket No. 73) is denied. Appointment of experts pursuant to Fed. R. Civ. P. 706 in this case is not warranted. "The appointment of an expert pursuant to Rule 706 is not intended to further partisan interests of any party, but to aid the Court, through the services of an impartial expert in its assessment of technical issues." Tuttamore, 2013 WL 248163, at *1 (D. Colo. Jan. 23, 2013) (quoting Byng v. Campbell, 2008 WL 4662349, at *7 (N.D.N.Y. Oct. 20, 2008)). The court finds no such technical issues in this case that necessitate appointment of experts under Rule 706.

Furthermore, while plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, section 1915(c) provides, in pertinent part, that "[w]itnesses shall attend as in other cases." It does not authorize the government to pay or advance the fees and expenses for witnesses. Patel v. United States, 399 F. App'x 355, 359 (10th Cir. 2010); Tuttamore v. Allred, 2013 WL 248163, at *1; Blake v. Webster, 2010 WL 3908702, at *1

2

(D. Colo. Oct. 1, 2010). "The right of access to the courts does not extended to providing witness fees for a witness the prisoner claims to be essential to his *in forma pauperis* case." Tuttamore, 2013 WL 248163 at *1 (citing Johnson v. Hubbard, 689 F.2d 286, 288-90 (6th Cir. 1983)). The court has no more authority to appoint an expert witness at government expense for the plaintiff than it has to require counsel to represent him. As stated by the Tenth Circuit in affirming the district court's denial of a motion for appointment of an expert, "[t]he plaintiffs' dilemma in being unable to proceed in this damage suit because of the inability to pay for expert witnesses does not differ from that of nonprisoner claimants who face similar problems. . . . By seeking government funding in this case, plaintiffs are in effect asking for better treatment than their fellow-citizens who have not been incarcerated but who have at least equal claims for damages." Patel, 399 F. App'x at 359. "As a voluntary litigant in a federal lawsuit, Plaintiff must obtain the assistance of expert witnesses on his own behalf. To this end, if the experts demand payment for their services, Plaintiff must pay for the services of such witnesses." Provencio v. Stark, 2010 WL 2754591, at *1 (D. Colo. July 12, 2010).

Date: June 26, 2014